IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH I. GORDON, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO..: |
| | ) | 2:15-cv-894-WKW-WC |
| | ) | |
| HYUNDAI MOTORS MANUFACTURING, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Amended Complaint (Doc. 15). On December 7, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 3). Subsequently, Plaintiff was granted permission to proceed *in forma pauperis*. Order (Doc. 6). On February 25, 2016, the undersigned ordered a status conference with Plaintiff for March 8, 2016. Order (Doc. 9). One day prior to the status conference, Plaintiff filed a motion to amend his complaint to correct the name of Defendant. Pl.'s Mot. (Doc. 10). Along with that motion, Plaintiff filed his first amended complaint. Pl's First Am. Compl. (Doc. 11). At the status conference, the undersigned granted, by oral order, Plaintiff's motion to amend (Doc. 10). The undersigned also ordered Plaintiff's first amended complaint (Doc. 11) stricken from the record. Order (Doc. 13). The undersigned informed Plaintiff, at the conference and by order, that neither his complaint (Doc. 1), nor his first amended complaint (Doc. 11),

complied with the Federal Rules of Civil Procedure.  *Id.*  The undersigned ordered Plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure within ten days, and warned Plaintiff that his newly amended complaint *alone* would be used to conduct the court's 28 U.S.C. § 1915(e) review.  *Id.* at 4.  The undersigned's order also set forth Plaintiff's pleading deficiencies, specifically pointing to Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure in providing sufficient factual allegations and with stating a claim for which relief may be granted.  *Id.* On March 18, 2015, Plaintiff filed his amended complaint (Doc. 15), pursuant to the undersigned's order.

Service of process was stayed pending the court's obligatory review of Plaintiff's amended complaint pursuant to the provisions of § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).

Plaintiff's amended complaint sets forth the following factual allegations, which are accepted as true:[1]

- On June 19, 2015, Plaintiff asked his supervisor to get a fellow employee, Greg Smith ("Smith") to cover his work station because Plaintiff had to use the restroom.  Pl.'s Am. Compl. (Doc. 15) at 1.

---

[1] In addition to the amended complaint, Plaintiff filed correspondence with the court on April 4, 2016, which included Defendant's anti-harassment policy and a letter asking the court to hear his complaint.  *See* (Doc. 16).

- When Plaintiff returned from the restroom, Smith used profanity and "spoke to [Plaintiff] in a negative manner concerning of when I have rights to use restrooms" and stated that Plaintiff should not have to use the restroom "fifteen minutes before a break." *Id.*

- Smith balled his fist at Plaintiff, and violated Plaintiff's personal space. *Id.*

- Plaintiff complained of this interaction to his team leader. *Id.*

- No corrective action was taken to rectify the situation. *Id.* at 2.

- Plaintiff was discharged on June 23, 2015. *Id.*

Plaintiff asserts that these actions violated Hyundai's anti-harassment policy, the "civil rights act of 1991," and 29 C.F.R. § 1910.141(c)(1)(i). *Id.* at 1. He also asserts that Smith's conduct violates Alabama Code § 13A-11-8, which is a state criminal statute that codifies harassment.[2] *Id.* Plaintiff requests relief in the form of "the release and recovery of back pay, reinstatement and pay for my pain and suffering, defamation of character, and to reinstated." *Id.* at 2.

Although Plaintiff was warned that the undersigned would not consider any documents other than his amended complaint for purposes of the § 1915(e) review, the undersigned will consider the following additional facts that were asserted only in Plaintiff's original complaint and supporting exhibits, in order to better understand Plaintiff's claims:

- In a separate incident occurring on June 22, 2015, Plaintiff reported Smith to his supervisors because Smith, whose job it was to fix mechanical issues in Plaintiff's work station, stood "2 or 3 feet away watching [Plaintiff], struggling with a taunting smile," but that nothing came of him reporting the issue. Pl.'s Ex. (Doc. 1-1) at 3.

---

[2] The undersigned notes that Alabama's criminal statute has no applicability to Plaintiff's civil claims in this court.

- Plaintiff states that he was discharged from his employment for making racial slurs. *Id*. at 2. Plaintiff's discharge letter from Defendant states that Plaintiff's termination was based upon Plaintiff's use of racial slurs in violation of Defendant's Harassment Policy and Serious Misconduct Policy, as well as Plaintiff's citations for attendance issues during his probationary period. *Id*. at 4.

- Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission. *Id.*

The undersigned has carefully reviewed the allegations in Plaintiff's original and amended complaints. From that review, the undersigned concludes that dismissal of the amended complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state any claim for which relief could be granted.

A review of the sufficiency of Plaintiff's amended complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the amended complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiff's amended complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are "'merely consistent with" a defendant's liability,' however, are not facially plausible."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiff's amended complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under §

1915(e).  As set out below, the undersigned concludes that Plaintiff's amended complaint fails to withstand such scrutiny.

Plaintiff's federal claims, if any, are predicated on 29 C.F.R. § 1910.141(c)(1)(i), which codifies the Department of Labor's occupational safety and health standards in the workplace, and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Construing Plaintiff's amended complaint liberally, it appears that Plaintiff's Title VII claims are for harassment, retaliation, and employment discrimination.

Turning first to Plaintiff's "reasonable access" claim under 29 C.F.R. § 1910.141(c)(1)(i), the undersigned finds that Plaintiff cannot state a claim for which relief may be granted under Plaintiff's factual assertions.    Twenty-nine C.F.R. § 1910.141(c)(1)(i) states:

> Except as otherwise indicated in this paragraph . . . toilet facilities, in toilet rooms separate for each sex, shall be provided in all places of employment. . . .   The number of facilities to be provided for each sex shall be based on the number of employees of that sex for whom the facilities are furnished. Where toilet rooms will be occupied by no more than one person at a time, can be locked from the inside, and contain at least one water closet, separate toilet rooms for each sex need not be provided. . . .

Clearly, this statute requires appropriate accommodation in the workplace for restrooms for both sexes.  This statute does not require that an employer provide an employee with access to the restroom at any particular time or time interval.  Importantly, Plaintiff has not asserted that Defendant lacked the requisite restrooms, nor that he was denied access to Defendant's restroom for any reason.  Instead, he asserts that he was the recipient of offensive language from a co-worker whose job it was to attend Plaintiff's work station

while Plaintiff used the restroom.  Under these facts, Plaintiff cannot assert a claim under 29 C.F.R. § 1910.141(c)(1)(i), or any other federal law, for relief.

Next, Plaintiff purports to bring harassment, retaliation, and employment discrimination claims under Title VII of the Civil Rights Act of 1964.[3]  Pl.'s Am. Compl. (Doc. 15) at 1.  However, Plaintiff has not asserted facts that state a claim for which relief may be granted under Title VII.

With regards to Plaintiff's potential harassment claim, it is important to note that "Title VII prohibits all discrimination in employment based upon *race, sex,* and *national origin*."  *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (emphasis added).  Title VII is not a code of civility, and thus does not protect against all inappropriate or unwanted workplace interactions.  *See Reeves v. C.H. Robinson Worldwide, Inc*., 594 F.3d 798, 807 (11th Cir. 2010) (Title VII is not a civility code, and not all profane language or conduct will constitute discrimination in the terms and conditions of employment.)

Here, Plaintiff alleges that he was harassed by co-worker Smith.  The crux of the alleged harassment stems from two incidents.  First, Plaintiff states that Smith used profanity "and spoke to [Plaintiff] in a negative manner concerning of [sic] when [Plaintiff has] rights to use restrooms and not fifteen minutes before a break."  Pl.'s Am. Compl. (Doc. 15) at 1.  Second, Plaintiff points to an occasion where Smith, whose job it

---

[3] Specifically, Plaintiff's amended complaint points to the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), for relief and does not cite Title VII.  Pl.'s Am. Compl. (Doc. 15) at 1.  However, the main purpose of the Civil Rights Act of 1991 was to provide additional remedies for Title VII plaintiffs, adjust the burdens of proof and persuasion in disparate impact cases, allow for jury trials, and made other ameliorative adjustments to Title VII law.  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 248 (1994).  Thus, analysis of Plaintiff's claim remains subject to the Title VII framework.  *See id*.

is to repair machinery at Plaintiff's work station, stood "2 or 3 feet away" from Plaintiff and watched Plaintiff "with a taunting smile" while Plaintiff struggled to use a broken wrench to tighten a bolt.  Pl.'s Ex. (Doc. 1-1) at 3.   In reviewing these facts asserted by Plaintiff, it is clear that Plaintiff has not plausibly alleged that either incident of harassment was based upon Plaintiff's race, sex, or national origin as required by Title VII.  While this conduct could be considered offensive to Plaintiff, it is not based upon any Title VII protections.  As such, Plaintiff cannot state a Title VII harassment claim based upon the facts he asserted.

In addition to a harassment claim, Plaintiff's amended complaint also arguably suggests a claim for retaliation.  Plaintiff states that he complained to management about the incidents with Smith, but that management took "no corrective action," "which showed no concern for [Plaintiff's] well-being."  Pl.'s Am. Compl. (Doc. 15) at 2.  Later, Plaintiff states that he was discharged.  *Id.*  To the extent that Plaintiff is asserting that his discharge was due to his complaint to management, Plaintiff cannot state a Title VII claim for retaliation because Plaintiff did not engage in statutorily protected activity.

To prove race-based employment retaliation, a plaintiff must show:

(1) that he engaged in statutorily protected activity;

(2) that he suffered a materially adverse employment action; and

(3) that there was a causal relation between the protected activity and the adverse action.

*Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  As to element one, a plaintiff engages in statutorily protected activities when he complains to the EEOC

or to his supervisor about *illegal discrimination. Ambus v. AutoZoners, LLC*, 71 F. Supp.

1280, 1302 (M.D. Ala. 2014) (citing *Shannon v. Bellsouth Telecomms. Inc.*, 292 F.3d

712, 715 n.2 (11th Cir. 2002)).

 Here, Plaintiff's complaint to management was concerning alleged misconduct of

a co-worker *that was not based upon illegal discrimination.* As such, Plaintiff cannot

state a Title VII retaliation claim based upon the facts he asserted.

 Finally, Plaintiff's complaint suggests a claim for employment discrimination. To

prove employment discrimination, a plaintiff must show:

 (1) he is a member of a protected class;

 (2) he was subjected to an adverse employment action;

 (3) his employer treated similarly situated employees outside of his protected

  class more favorably than he was treated; and

 (4) he was qualified to do the job.

*Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). As to the

third prong of the *prima facie* test, in order to identify a viable comparator,

> the plaintiff must show that he and the employees are similarly situated in
> all relevant respects. *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st
> Cir. 1994); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992);
> *Smith v. Monsanto Chemical Co.*, 770 F.2d 719, 723 (8th Cir. 1985), *cert.
> denied*, 475 U.S. 1050 (1986). In determining whether employees are
> similarly situated for purposes of establishing a prima facie case, it is
> necessary to consider whether the employees are involved in or accused of
> the same or similar conduct and are disciplined in different ways. *Williams
> v. Ford Motor Co.*, 14 F.3d 1305, 1309 (8th Cir. 1994).

*Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). Thus, a proper comparator is an

employee outside of the plaintiff's protected class who is similarly situated to the plaintiff

"in all relevant respects."  *Coar v. Pemco Aeroplex, Inc.*, 372 F. App'x 1, 3 (11th Cir.

2010) (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004)).

Pointing to a similarly-situated comparator "prevents 'courts from second-guessing

employers' reasonable decisions and confusing apples with oranges.'"  *Id.* (quoting

*Burke-Fowler,* 447 F.3d at 1323).

> [I]n disciplinary contexts, the quality and quantity of a comparator's conduct must be nearly identical to the plaintiff's in order to prevent courts from second-guessing a reasonable decision by the employer.  *Maniccia v. Brown*, 171 F.3d 1364, 1368-69 (11th Cir. 1999).  While not always the case, differences in treatment by different supervisors or decisionmakers can seldom be the basis for a viable claim of discrimination. [*Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 n.5 (11th Cir. 2001)].

*Foster v. Biolife Plasma Servs., LP*, 566 F. App'x 808, 811 (11th Cir. 2014).  Where the

plaintiff fails to provide evidence of a comparator, his claim fails.  *See e.g., Connor v.*

*Bell Microproducts–Future Tech., Inc.,* 492 F. App'x 963, 966 (11th Cir.2012) (plaintiff

failed to establish a *prima facie* case of race or age discrimination, when he did not

establish a similarly-situated comparator).

Construing Plaintiff's amended complaint liberally, it appears that Plaintiff is

alleging that Defendant treated Smith more favorably than Defendant treated Plaintiff

because Smith still works for Defendant and Plaintiff does not.  However, like Plaintiff's

harassment claim, Plaintiff wholly fails to assert that his termination had anything to do

with his race, sex, or national origin.  Indeed, Plaintiff's original complaint suggests that

Plaintiff's discharge was instead based upon Plaintiff's use of racial slurs, which he

denied using,[4] and work attendance issues.[5]  *See* Pl.'s Ex. (Doc. 1-1) at 2, 3, 4.  Without more, Plaintiff fails to invoke Title VII protections, and his factual assertions fail to provide the court with little more than "the-defendant-unlawfully-harmed-me" accusations, *see Iqbal*, 556 U.S. at 678 (2009).  As such, Plaintiff's claim for employment discrimination warrants dismissal.

Nonetheless, even if Plaintiff's pleadings were sufficient, the undersigned concludes that Plaintiff would not be able to state a Title VII claim for employment discrimination under the facts he asserted.  While the undersigned notes that Plaintiff satisfies element one and element two for employment discrimination – *i.e*., that Plaintiff is a member of a protected class and that Plaintiff was subject to an adverse employment action – and that Plaintiff *could* satisfy element four – *i.e*., that Plaintiff was qualified to do the job – Plaintiff cannot satisfy element three because Plaintiff cannot point to a similarly-situated individual outside of Plaintiff's class who was treated more preferably than Plaintiff, as explained below.

Assuming that Plaintiff is linking his discharge to the events involving Smith and pointing to Smith as a similarly-situated comparator, Plaintiff cannot show that Smith was similarly situated in all material respects.[6]  By Plaintiff's own facts, Smith had a different job description than Plaintiff, *i.e*., Smith's job was to relieve Plaintiff for

---

[4] In Plaintiff's EEOC complaint, Plaintiff states that he "was discharged from employment for making racial slurs." Pl.'s Ex. (Doc. 1-1) at 2.  In a separate document, Plaintiff states that Team Relations for Defendant discussed with Plaintiff his use of a racial slur, which Plaintiff denied using, and Plaintiff was discharged the next day.  *Id*. at 3.

[5] Plaintiff's termination letter from Defendant points to Plaintiff's citations for attendance as grounds for discharge. *Id*. at 3.

[6] Plaintiff does allege that Smith is Caucasian, which accepted as true, would satisfy the requirement that Plaintiff's comparator is outside of his protected class.

bathroom breaks and to "fix" things at Plaintiff's work station when they needed repair. Pl.'s Ex. (Doc. 1-1) at 3, 4.  Further, by Plaintiff's own facts, Smith engaged in different conduct than Plaintiff during the alleged incidents.  Thus, Plaintiff cannot satisfactorily point to Smith as a similarly-situated comparator for the purposes of a Title VII employment discrimination claim.  As such, Plaintiff fails to state a claim for which relief may be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's amended complaint (Doc. 15) be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 4, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 20th day of April, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE